**Opinion filed March 14, 2014**



In The

# Eleventh Court of Appeals

———————

## No. 11-13-00312-CV

———————

## IN THE INTEREST OF S.D.T., A CHILD

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 48,765**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order that terminated the parental rights of the mother of S.D.T.[1]  The mother appeals from that order and, in two issues on appeal, challenges the legal and factual sufficiency of the evidence to support the finding that termination is in the best interest of S.D.T.  We affirm.

Termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013).  To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether

---

[1]The parental rights of S.D.T.'s father had previously been terminated.

a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that Appellant committed three of the acts listed in Section 161.001(1). The trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child, that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, and that Appellant had failed to comply with the provisions of a court order stating the actions necessary for her to obtain the return of the child. *See id.* § 161.001(1)(D), (E), (O). Appellant does not challenge the findings made pursuant to Section 161.001(1). Any one of these unchallenged findings was sufficient to support termination as long as termination was shown to be in the child's best interest. *See id.* § 161.001. The trial court found that termination was in the child's best interest. *See id.* § 161.001(2).

The question before us is whether the best interest finding is supported by legally and factually sufficient evidence. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72

2

(Tex. 1976).  These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent.  *Id.*  Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest.  *C.J.O.*, 325 S.W.3d at 266.

The Department of Family and Protective Services became involved with Appellant in August 2012 when S.D.T. was thirteen years old.  S.D.T. was removed and placed with her maternal grandmother, who had helped raise S.D.T. Appellant had verbally abused her mother and made wild accusations against her mother in the presence of S.D.T.  The evidence at trial revealed that Appellant had mental health issues and that she was not compliant with MHMR.  She also had issues with alcohol and controlled substances.  Appellant admitted that she had used methamphetamine a few times while this case was pending.  S.D.T. stated that she had seen Appellant use drugs.  Appellant was ordered to complete various services as part of her family service plan.  She did not complete those services and failed to make progress to regain custody of S.D.T.  At the time of the final hearing, Appellant was homeless, unemployed, and unable to care for S.D.T.

S.D.T. expressed a desire to stay with her grandmother who, according to S.D.T., had raised her.  S.D.T. did not feel safe with Appellant.  The Department's goal for S.D.T. at the time of the final hearing was for S.D.T. to be adopted by her grandmother.    The  grandmother  testified  that  she  would  adopt  S.D.T.  if

3

Appellant's parental rights were terminated. The grandmother, the Department's caseworker, and S.D.T.'s guardian ad litem all testified that termination of Appellant's rights would be in the best interest of S.D.T.

Based upon the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence; the trial court could reasonably have formed a firm belief or conviction that it would be in S.D.T.'s best interest for Appellant's parental rights to be terminated. The evidence is both legally and factually sufficient to support the best interest finding. Appellant's first and second issues are overruled.

We affirm the trial court's order of termination.


JIM R. WRIGHT
CHIEF JUSTICE


March 14, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4